FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 SEP 24 PM 5:30
CLERK B. West
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMIE TATUM, )
 )
    Plaintiff, )
 )
v. ) CV413-271
 )
WILLIAM G. ELLIEN, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant William G. Ellien's Motion to Dismiss. (Doc. 5.) In this case, Plaintiff alleges that Defendant, a former licensed psychiatrist at Memorial University Medical Center in Savannah, Georgia, diagnosed and treated her for anxiety and other emotional issues with anti-anxiety medications. (Doc. 1 ¶¶ 4, 9.) Plaintiff alleges that as part of the treatment, Defendant prescribed Xanax and other narcotics despite the fact that she was not suffering from conditions that would necessitate such treatment. (Id. ¶¶ 9, 11.) According to Plaintiff, she became addicted to these medications and "suffered increased emotional and psychological issues and physical harm." (Id. ¶ 13.) Based on Defendant's conduct, Plaintiff brings one claim for "Ordinary/Professional Negligence." (Id. at 4.)

Ultimately, Defendant was indicted by a federal grand jury on drug charges in February of 2013. (Doc. 6 at 2.) After pleading guilty, Defendant was sentenced to a thirty-month term of incarceration. United States v. Ellien, 4:13-cr-030 (S.D. Ga. May, 24, 2013) (unpublished).[1] Defendant is currently serving his term of incarceration in Butner, North Carolina. (Doc. 6 at 2.)

In her complaint, Plaintiff states that she is a citizen of Chatham County, Georgia and that Defendant resides in Butner, North Carolina. (Id. ¶¶ 1-2.) Based on these allegations, Plaintiff contends that this court has diversity jurisdiction under 28 U.S.C. § 1332. In his motion to dismiss, Defendant contends that this Court lacks subject matter jurisdiction under § 1332 and moves to dismiss this case with prejudice. (Doc. 5 ¶¶ 2-3.) Defendant reasons that diversity between the parties is absent because he is not a citizen of North Carolina while he is serving his sentence.[2] (Doc. 7 at 2.)

---

[1] The Court may take judicial notice of Defendant's conviction and sentence in his criminal case—all matters of public record—without converting Defendant's motion into one for summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); Fed. R. Evid. 201(b).

[2] While this argument was tangentially raised by Defendant in his reply, the Court is under "a continuing obligation to inquire into the existence of subject matter jurisdiction whenever it may be lacking." RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC, 718 F.3d

Federal courts are courts of limited jurisdiction and may only hear cases which they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). A district court has subject matter jurisdiction under § 1332 "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Dispositive in this case is that "[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974).[3]

With these principles in mind it is clear that the Court lacks jurisdiction to entertain this dispute. Defendant was a Savannah, Georgia resident prior to his incarceration and thus remains a Georgia resident for the purposes of establishing diversity between the parties. As

---

1308, 1313 (11th Cir. 2012) (citing Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1468 (11th Cir. 1997)). Therefore, the Court would still have raised this issue had Defendant not referenced the Court's lack of subject matter jurisdiction as grounds for dismissal.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Plaintiff is also a Georgia resident, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. In addition, no federal question forms the basis for Plaintiff's complaint. As a result, this case must be dismissed for lack of subject matter jurisdiction. However, Plaintiff's complaint must be dismissed without prejudice because "dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum." <u>Hitt v. City of Pasadena</u>, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

SO ORDERED this 24th day of September 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA